IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dustin Alvin Cole, ) | C/A No. 0:14-4830-JMC-PJG |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, Acting Commissioner ) of Social Security, ) | |
| Defendant. ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Dustin Alvin Cole, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be remanded for further consideration as explained below.

**SOCIAL SECURITY DISABILITY GENERALLY**

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also

Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973).  The regulations require the ALJ to consider, in sequence:

(1)   whether the claimant is engaged in substantial gainful activity;

(2)   whether the claimant has a "severe" impairment;

(3)   whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4)   whether the claimant can perform his past relevant work; and

(5)   whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[1]  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step.  Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments.  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy.  42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances.  20 C.F.R. § 404.1520(h).



**ADMINISTRATIVE PROCEEDINGS**

In July 2011, Cole applied for DIB, alleging disability beginning June 1, 2010. Cole's application was denied initially and upon reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). A hearing was held on May 23, 2013, at which Cole, who was represented by Paul T. McChesney, Esquire, appeared and testified. The ALJ issued a decision on August 8, 2013 finding that Cole was not disabled. (Tr. 15-24.)

Cole was born in 1973 and was thirty-seven years old on June 1, 2010—his alleged disability onset date. (Tr. 23.) He has a high-school education and has past relevant work experience as a brink mason, a janitor, and a housekeeper. (Tr. 154.) Cole alleged disability due to narcolepsy, shoulder problems, and left foot swelling. (Tr. 153.)

In applying the five-step sequential process, the ALJ found that Cole had not engaged in substantial gainful activity since June 1, 2010—his alleged onset date. The ALJ also determined that Cole's obesity, left shoulder pain status post dislocation and rotator cuff tear with surgical repair, status post club foot repair with residual left foot pain and degenerative joint disease, attention deficit hyperactivity disorder, headaches, insomnia/sleep apnea, anxiety disorder, and depression were severe impairments. However, the ALJ found that Cole did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Cole retained the residual functional capacity to

> perform sedentary work as defined in 20 CFR 404.1567(a). The claimant is limited to frequent overhead reaching with the left upper extremity and frequent operation of foot controls with the left foot. Postural activities are limited to frequent. He should avoid moderate exposure to hazards. He is limited to occupations that do not



> require long distance driving. Furthermore, the claimant is limited to simple, routine, repetitive tasks.

(Tr. 19.) The ALJ found that Cole was unable to perform any past relevant work, but that considering Cole's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Cole could perform. Therefore, the ALJ found that Cole was not disabled from June 1, 2010 through the date of his decision.

The Appeals Council denied Cole's request for review on October 28, 2014, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-3.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.



**ISSUES**

Cole raises the following issues for this judicial review:

Issue 1    Use of medical-vocational grids. The ALJ erroneously relied on the grids in this case, failing to properly consider Cole's non-exertional impairments and failing to consider Cole's limitations in his ability to perform a full range of sedentary, unskilled work. Can a decision that is based on improper use of the medical-vocational grids stand?

Issue 2    Residual Functional Capacity. The RFC assessment must be a reasoned assessment of all of the relevant evidence. The ALJ here failed to properly evaluate all of Cole's impairments. Is a decision based upon an incomplete and inaccurate assessment of a claimant's RFC supported by substantial evidence?

Issue 3    Opinion evidence. The opinions of Cole's treating physician, Dr. Shealy, contain work-preclusive limitations which the ALJ improperly ignored. Where the ALJ improperly evaluates the opinion evidence, can his decision be supported by substantial evidence?

(Pl.'s Br., ECF No. 11.)

**DISCUSSION**

As indicated above, Cole raises several issues in this appeal; however, the court finds for the reasons discussed below that remand is warranted on the third issue which could impact the remainder of Cole's issues, and therefore, the court addresses this issue first. In this issue, Cole argues that the ALJ erred in evaluating the opinion from his treating physician, Dr. Roger Shealy.

Typically, the Social Security Administration accords greater weight to the opinion of treating medical sources because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See 20 C.F.R. § 404.1527(c)(2). However, "the rule does not require that the testimony be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (*per curiam*). Rather, a treating physician's opinion is evaluated and weighed "pursuant

to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). Any other factors that may support or contradict the opinion should also be considered. 20 C.F.R. § 404.1527(c)(6). In the face of "persuasive contrary evidence," the ALJ has the discretion to accord less than controlling weight to such an opinion. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Further, " 'if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.' " Id. (quoting Craig, 76 F.3d at 590).

> Additionally, SSR 96-2p provides that
>
> a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

SSR 96-2p, 1996 WL 374188, at *5. This Ruling also requires that an ALJ's decision "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Id., at *5.

On July 27, 2012, Dr. Shealy issued a statement indicating that, as Cole's primary care physician, he first treated Cole on February 3, 2011 and his most recent visit was July 13, 2012. Dr. Shealy's statement continued as follows:

> [Cole] has difficulty getting in to see me because of his financial limitations. His father usually pays for him to see us, and we try not to charge too much. I know he had a history of bilateral shoulder problems, but that has not been one of his major complaints to me. He has an obvious left club foot deformity with evidence of a past surgery to correct on physical exam. The distal end of foot is swollen, and there is a mild deformity of the distal portion of his left foot. He also has mild left ankle atrophy. He would have problems with balance, strength and swelling in his left foot. For this reason he would be limited to no more than sedentary work with sedentary work defined as being able to stand or walk in combination no more than 2 hours total out of an 8 hour work day. However, he would tend to fall asleep in a seated position due to his severe narcolepsy. He suffers from excessive daytime drowsiness due to narcolepsy. He almost always falls asleep in the office while waiting for me, and I can hear him snoring 20 feet away from the room. In April his parents bought him a CPAP machine, and he reports to me that he has been using it since then. When I talk to him he trails off. He has trouble answering the question asked and staying on the topic of discussion. His speech is slurred due to a combination of his severe fatigue and dry mouth from snoring. He is moderately anxious and mildly depressed. He takes Ativan, which helps somewhat for this anxiety but would add to his daytime drowsiness. He would suffer interruptions to his concentration sufficient to frequently interrupt tasks throughout the work day due to his severe fatigue, anxiety, depression and the side effects of his medications. I have observed this very clearly in the office. We also prescribe him Phentermine, which helps with both his fatigue and weight. We have talked about regular daily exercise. He should start slowly and increase gradually over the next few months. We have discussed his weight control at length. His food restrictions should help to reduce his weight. Right now his sugar is still staying high.

(Tr. 260.)

In considering this opinion, the found that Cole's physical residual functional capacity "is also consistent with the opinion of the claimant's treating physician Dr. Shealy, who noted that the claimant would be limited to sedentary work, which is defined as standing and/or walking no more than 2 hours in an 8-hour workday (Exhibit 8F)." (Tr. 22.) However, the ALJ further stated,



> Regarding the claimant's depression, anxiety, ADHD, and difficulties concentrating secondary to narcolepsy, I have limited the claimant to simple, routine, repetitive tasks. His depression, anxiety, and ADHD are fairly mild and his concentration is primarily limited by narcolepsy. This is consistent with treating physician Dr. Shealy's opinion that the claimant is mildly depressed and moderately anxious (however, Ativan helps with his anxiety). However, Dr. Shealy opines that the claimant's narcolepsy would cause interruptions to his concentration sufficient to frequently interrupt tasks throughout the workday due to a combination of his mental and physical impairments. I attribute limited weight to this finding as it exceeds the RFC limitations I have imposed and it is inconsistent with the longitudinal objective medical evidence, the opinions of the consultative examiner and State agency psychological consultants.

(Id.)

As argued by Cole, the court is constrained to recommend that this matter be remanded because the ALJ's decision fails to reflect what weight he afforded to Dr. Shealy's opinion that Cole "would tend to fall asleep in a seated position due to his severe narcolepsy" and the subsequent bases for that opinion. Critically, it is unclear whether the ALJ considered this aspect of Dr. Shealy's opinion at all, and the court cannot deem this omission harmless, as this limitation, if adopted, would impact Cole's residual functional capacity. In this case, the reviewing court is left guessing as to the weight afforded to this portion of the treating physician's opinion, and why. The court cannot assume that the ALJ gave no weight to a critical portion of the opinion he did not discuss. Such an assumption would contradict SSR 96-2p's requirement that an ALJ's decision "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p, 1996 WL 374188, at *5. Therefore, the court is unable to determine whether the ALJ's



evaluation of this opinion, and Cole's residual functional capacity assessment, is supported by substantial evidence.

Moreover, as argued by Cole, the reasons offered by the ALJ for discounting the portion of Dr. Shealy's opinion that Cole's narcolepsy would cause "interruptions to his concentration sufficient to frequently interrupt tasks throughout the work day due to his severe fatigue, anxiety, depression and the side effects of his medications," (Tr. 260), are insufficient for the court to review whether this finding is supported by substantial evidence. The first reason offered by the ALJ—that "it exceeds the RFC limitations I have imposed"—is not a proper factor for weighing the opinion of a treating physician. See, e.g., 20 C.F.R. § 404.1527(c); cf. Mascio v. Colvin, 780 F.3d 632, 639 (4th Cir. 2015) (agreeing with the Seventh Circuit that an ALJ's boilerplate statement that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment" " 'gets things backwards' by implying 'that ability to work is determined first and is then used to determine the claimant's credibility' ") (quoting Bjornson v. Astrue, 671 F.3d 640, 645 (7th Cir. 2012)). The ALJ also found that it was "inconsistent with the longitudinal objective medical evidence, the opinions of the consultative examiner and State agency psychological consultants"; however, it is unclear what medical evidence and what portion of the opinion evidence that the ALJ is referring to. As pointed out by Cole, Dr. Lary R. Korn, who performed an orthopedic consultative examination of Cole, found that Cole was "somnolent in the waiting room as evidenced by loud snoring heard through the walls on a number of occasions." (Tr. 249.) Further, the opinions of the non-examining state agency reviewers were rendered prior to and without the benefit of Dr. Shealy's opinion.



Therefore, the court finds that this matter should be remanded for further consideration of Dr. Shealy's opinion. See Rouse v. Commissioner, C/A No. 0:13-1904-JFA-PJG, 2014 WL 4792058, at *2 (D.S.C. Sept. 24, 2014) (finding that the ALJ failed to comply with SSR 96-2p's requirement of specificity with regard to weight given to the treating source's medical opinion and the court could not determine if the ALJ's decision was based on substantial evidence where the ALJ discussed the opinion evidence but failed to assign any weight to it); Hilton v. Astrue, C/A No. 6:10-2012-CMC, 2011 WL 5869704, at *3 (D.S.C. Nov. 21, 2011) (agreeing that the ALJ needed to state what weight, if any, he gave a treating physician's opinion and holding that the ALJ's conclusion that the opinion is not entitled to controlling weight and that the opinion is against the weight of the record as a whole did not reach the level of specificity required under SSR 96-2p and was insufficient); Tench v. Comm'r of Soc. Sec. Admin., C/A No. 6:10-cv-00691-RBH, 2011 WL 3794080, at *6 (D.S.C. Aug. 25, 2011) (finding that the ALJ's decision stating that a physician's opinion was given "less weight," even if the court could infer it meant some weight less than controlling, was not sufficiently clear what weight, if any, was accorded to the opinion and without knowing specifically the weight accorded to the opinion, the court was unable to properly apply the substantial evidence test to the ALJ's decision to discredit, or possibly disregard entirely, the treating source opinion). Moreover, as indicated above, the court cannot find that this error is harmless.[2] Cf. Davis v. Colvin, No. 9:12-2244-CMC-BM, 2014 WL 172513, at *2 (D.S.C. Jan.15, 2014) ("Although an ALJ is required by Social Security regulations to assign weight to all medical

---

[2] The court expresses no opinion as to whether further consideration of Dr. Shealy's opinion by the ALJ should necessarily lead to a finding that Dr. Shealy's opinion is entitled to controlling weight or that Cole is ultimately entitled to benefits. Further analysis and discussion may well not change the ALJ's conclusion on this point.



opinions, see 20 C.F.R. § 416.927(e)(2)(ii), an ALJ's failure to expressly state the weight given to a medical opinion may be harmless error when the opinion is consistent with the ALJ's RFC determination.") (citing Morgan v. Barnhart, 142 F. App'x 716, 722-23 (4th Cir. 2005) & Rivera v. Colvin, No. 5:11-CV569-FL, 2013 WL 2433515 (E.D.N.C. June 4, 2013)).

In light of the court's recommendation that this matter be remanded for further consideration, the court need not address Cole's remaining issues, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Moreover, if necessary, Cole may present his remaining arguments concerning the ALJ's alleged errors on remand.[3]

### RECOMMENDATION

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further consideration as discussed above.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 4, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[3] Although Cole may present his other arguments on remand if necessary, the court notes that in finding Cole was not disabled under the medical-vocational guidelines, located at 20 C.F.R. Part 404, Subpart P, Appendix 2 (the "Grids"), the ALJ found that Cole's "additional limitations have little or no effect on the occupational base of unskilled sedentary work." (Tr. 24.) However, the support for this finding appears to address non-exertional limitations not included in Cole's residual functional capacity, and fails to address the non-exertional limitations that were actually included in Cole's residual functional capacity. If necessary, this error should be remedied on remand.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).